IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

    Plaintiff,

  v.

UNITED TEST AND ASSEMBLY CENTER LTD. and UTAC AMERICA, INC.,

    Defendants.
                                /

No. C 08-4795 CW

ORDER GRANTING MOTION TO REMAND

    Plaintiff Tessera, Inc. moves to remand this action to state court on the basis that the Court lacks subject matter jurisdiction. Defendants United Test and Assembly Center Ltd. (UTAC) and UTAC America, Inc. oppose the motion, contending that the Court has diversity jurisdiction despite the fact that UTAC America and Tessera are citizens of the same state. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants the motion.

BACKGROUND

    Tessera is a Delaware corporation with its principal place of business in California. It develops semiconductor packaging products. UTAC is a Singapore corporation with its principal place

of business in Singapore.  It provides test and assembly services for semiconductor devices.  UTAC America is a California corporation with its principal place of business in California.  It is a wholly owned subsidiary of UTAC.  The parties characterize UTAC America's function in different ways.  According to the complaint, UTAC America "engages in sales and marketing on behalf of UTAC in North America."  Compl. ¶ 7.  Defendants have submitted a declaration from a UTAC executive stating that UTAC America "support[s] the sales of UTAC . . . products to customers of UTAC" in the United States, but that UTAC is the actual seller and has final authority over the terms of any sale.  Lihan Dec. ¶ 3. Tessera, in turn, has submitted a declaration from a former Tessera employee, Ignacio Osorio, detailing UTAC America's extensive involvement in the marketing and sale of UTAC's products, and describing a high level of coordination between the two companies. According to Mr. Osorio, a number of UTAC's officers are also officers of UTAC America; the two companies share the same CEO and CFO.  Osorio Dec. ¶ 10.

Tessera and UTAC are parties to a license agreement that permits UTAC to use technology patented by Tessera in exchange for the payment of royalties on "TCC Licensed Products."  TCC Licensed Products consist of two types of integrated circuit packages: "face-up packages" and "face-down packages."  The former type of package is defined as one that:

> incorporates at least one IC device having electrical bond pads on a front surface of such IC device, where such bond pad bearing front surface faces away from a package substrate (including polymer substrates not internally reinforced, such as a polyimide substrate, and/or including internally reinforced, laminate package substrates), the package substrate being attached to the

2

> IC device and having at least one substrate terminal within the periphery of the IC device and such [sic] at least one substrate terminal being electrically connected to one of the bond pads of the IC device, and the substrate terminals have a pitch of less than or equal to 1 mm . . . .

Id. at 1.

The complaint alleges that, while UTAC paid royalties on face-down packages, it made and sold face-up packages without paying royalties. Tessera maintains that UTAC America "has been aware of the provisions of the Agreement from the date it was executed," received the benefits of the agreement and "demonstrated by its conduct its intent to be bound" by it. Compl. ¶ 8. The Osorio Declaration elaborates on this conduct. Mr. Osorio states that "UTAC and UTAC America often acted in concert, synchronizing their interactions with Tessera. When engineering teams from UTAC met with Tessera, the meetings often took place at UTAC America's facilities and UTAC America employees were often present and participated in the meetings." Osorio Dec. ¶ 9. In addition,

> UTAC America held itself out as a Tessera licensee, acting in a manner that indicated that it was a licensee and availing itself of the benefits of this status. In my communications with employees of both UTAC America and UTAC, no one ever made any distinction between the two entities in terms of their licensee status. To the contrary, whenever the license was mentioned, both UTAC and UTAC America were discussed in precisely the same way. UTAC America employees often approached Tessera in a manner that indicated that UTAC America was a licensee in good standing, seeking special assistance and technical support, working with Tessera to identify market opportunities for Tessera technology, and seeking and obtaining Tessera confidential information. In addition, UTAC America was the entity that actually sold and marketed licensed products in the United States.

Id. ¶ 11.

Tessera filed this action in Alameda County Superior Court asserting claims under state law. For the purposes of this motion,

3

the only relevant claims are those against UTAC America. There are three groups of such claims: 1) Breach of contract and breach of the covenant of good faith and fair dealing; 2) Fraud and aiding and abetting fraud; and 3) Violation of California's Unfair Competition Law (UCL).

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). If, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A defendant may remove a case lacking complete diversity and

4

seek to persuade the district court that any non-diverse defendant was fraudulently joined. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. The defendant need not show that the joinder of the non-diverse party was made for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. See id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Although "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony," Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)), the court must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992); accord Tanoh v. AMVAC Chem. Corp., 2008 WL 4691004, at *3 (C.D. Cal.); Quiroz v. Valley Forge Ins. Co., 2005 WL 1806366, at *3 (N.D. Cal.); Crone v. Pfizer, Inc., 2004 WL 1946386, at *2 (N.D. Cal.).

## DISCUSSION

In order to defeat Tessera's motion, Defendants must demonstrate that the complaint obviously fails to state a single claim against UTAC America. They fail to do this; Tessera has stated, at a minimum, a claim against UTAC America under the UCL.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. It incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003).

The complaint alleges that Defendants have violated the UCL by, among other things, damaging competition by promoting the sale of products at an unfairly discounted price through the withholding of royalties owed under the agreement; and inducing Tessera to disclose confidential information by concealing their failure to pay royalties owed under the agreement. Although Defendants assert that no royalties are owed on the relevant products, they implicitly concede that the issue cannot be resolved at this stage of the litigation. Accordingly, their argument that the complaint does not state a UCL claim against UTAC America is based on the premise that "UTAC America indisputably is not responsible for the alleged actions upon which Tessera seeks to base its unfair competition claims." Defs.' Opp. at 21.

Tessera does not share Defendants' view of the nature of UTAC America's involvement in the sale of the products at issue. Even accepting Defendants' contention that UTAC America was not a party to the license agreement and thus was not bound by its terms,

6

Tessera alleges that UTAC America served as a virtual extension of UTAC in the United States and was intimately involved in promoting the sale of UTAC's products. It thus benefitted from the alleged scheme to sell at an unfairly discounted price products as to which Tessera maintains royalties were owed, and to induce Tessera to give up its proprietary information. Defendants have not established that UTAC America's involvement in the sale of UTAC's face-up packages obviously does not constitute an unfair business practice in violation of the UCL. As for Defendants' claim that "no one acting for UTAC America in any of the interactions or communications at issue knew of the provisions of the License Agreement or that UTAC Singapore supposedly was obligated to pay royalties on face-up packages and was not doing so," Defs.' Opp. at 22, this is a point of contention. Tessera claims that a number of UTAC America officers knew of the agreement, the sales, the royalty obligations and the non-payment of royalties for face-up IC's. See generally Osorio Dec. The competing factual claims cannot be resolved on the present motion.

The Court cannot conclude that there is no possibility that Tessera will be able to establish a cause of action under the UCL against UTAC America, particularly considering that any doubts about the matter must be resolved in Tessera's favor, see Gaus, 980 F.2d at 566. Accordingly, UTAC America is not a sham defendant and the Court lacks subject matter jurisdiction over this action.

Tessera seeks an award of attorneys' fees incurred in connection with Defendants' removal of this action. Although such a fee award is authorized under 28 U.S.C. § 1447(c), the Supreme Court has held, "Absent unusual circumstances, courts may award

7

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  The Court finds that no unusual circumstances exist here, and that Defendants did not lack an objectively reasonable basis for seeking removal of this action.  Accordingly, Tessera's request for fees is denied.

CONCLUSION

For the foregoing reasons, Tessera's motion to remand this action to state court (Docket No. 28) is GRANTED.[1]  The January 8, 2009 hearing is VACATED.  The clerk shall close the file.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 1/6/09

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
CLAUDIA WILKEN
United States District Judge

---

[1] Tessera's motions for leave to file under seal (Docket Nos. 31 and 54) are also GRANTED; the Court finds that good cause exists to warrant filing the relevant information about the confidential license agreement between Tessera and UTAC outside the public record.